IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**EVERTON HINDS,**

    Petitioner,

v.                                                     Case No. 4:19cv051-WS/CAS

**MARK S. INCH, Secretary,**
**Florida Department of Corrections,**
**et al.,**

    Respondents.

_____/

## REPORT AND RECOMMENDATION TO TRANSFER HABEAS CORPUS PETITION

On or about January 22, 2019, Petitioner Everton Hinds, a state inmate proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. ECF No. 1. After direction from this Court, *see* ECF No. 3, he filed an amended § 2241 petition, ECF No. 6, as well as a motion for leave to proceed in forma pauperis, ECF No. 7.

Petitioner Hinds is incarcerated at the Madison Correctional Institution in Madison, Florida, which is located in the Northern District of Florida. ECF No. 1; *see* 28 U.S.C. § 89(a). A review of his amended § 2241 petition indicates that he challenges a state court conviction from the Twentieth Judicial Circuit, Lee County, which is located in the Middle

District of Florida.   ECF No. 1; *see* 28 U.S.C. § 89(b).   Thus, although presented as a petition pursuant to § 2241, Petitioner Hinds is actually seeking habeas corpus relief pursuant to 28 U.S.C. § 2254.

Jurisdiction is appropriate in the district of confinement and the district of conviction.   28 U.S.C. § 2241(d) (providing that state prisoner may file habeas petition in district where he was convicted and sentenced or in district where he is incarcerated).   In this case, however, because the district of conviction appears to be the most convenient and appropriate venue, this petition should be transferred to the United States District Court for the Middle District of Florida, Fort Myers Division.   *Id*.; M.D. Fla. R. 1.02(b)(2).   See Byrd v. Martin, 754 F.2d 963, 965 (11th Cir. 1985); Parker v. Singletary, 974 F.2d 1562, 1582 (11th Cir. 1992).

It is therefore respectfully **RECOMMENDED** that the case file, including any service copies and pending motions, be **TRANSFERRED** to the United States District Court for the Middle District of Florida, Fort Myers Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on March 20, 2019.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).   A copy of the objections shall be served upon all other parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   Fed. R. Civ. P. 72(b)(2).  **Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control**.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.   *See* **11th Cir. R. 3-1; 28 U.S.C. § 636.**