UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EVERTON HINDS,

        Petitioner,

v.                                                 Case No.: 2:19-cv-267-FtM-38MRM

STEPHEN B. RUSSELL, CARRIE A.
POLLOCK, MARK S. INCH and
STATE OF FLORIDA,

        Respondents.
_____/

## OPINION AND ORDER[1]

This matter comes before the Court on Petitioner's Amended Petition for Writ of Habeas Corpus filed Under 28 U.S.C. § 2241 on March 18, 2019 (Doc. 6), which was transferred to this Court from the Northern District of Florida on April 24, 2019 (Doc. 11). Petitioner who is incarcerated within the Florida Department of Corrections at Madison, Florida, challenges his state court conviction entered by the Twentieth Judicial Circuit, Lee County Florida. Doc. 6 at 1.[2] As noted by the Northern District, although presented as a § 2241 petition, Petitioner is seeking relief pursuant to § 2254. Doc. 8 at 2.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.
[2] Petitioner is serving a twenty-five (25) year sentence stemming from his August 12, 2010 conviction of Lewd and Lascivious Molestation of a Child (case no. 0819082).

A review of the Court's records reveal that Petitioner has already filed a 28 U.S.C. § 2254 petition attacking the same conviction he attacks in his Amended Petition. *See* Case No. 2:14-cv-482-PAM-MRM. On July 6, 2017, the Court denied Petitioner's previous § 2254 petition. *Id.*, Doc. 17.

Petitioner has not indicated he has obtained leave from the Eleventh Circuit Court of Appeals to file a successive petition. See 28 U.S.C. § 2244(b); Rules Governing Section 2254 Cases in The United States District Courts, R. 9. "Without authorization, the district court lacks jurisdiction to consider a second or successive petition." *Pavon v. Attorney Gen. Fla.*, No. 17-10508, 2018 WL 1733232, at *1 (11th Cir. Apr. 10, 2018) (citing *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003)). The Court recognizes that the term "second or successive" is not self-defining and not all habeas applications filed after the first filed habeas are *per se* successive. *Panetti v. Quarterman*, 551 U.S. 930, 943-44 (2007); *Stewart v. United States*, 646 F.3d 856, 860 (11th Cir. 2011). Having reviewed the Amended Petition, the Court finds that Petitioner has not asserted any facts or claims that would fall within the "small subset of unavailable claims that must not be categorized as successive." *Stewart* at 863.

Consequently, this case will be dismissed without prejudice to allow Petitioner the opportunity to seek authorization from the Eleventh Circuit Court of Appeals should he wish to lodge a second challenge to his current incarceration. Petitioner should be aware that § 2244(b) (2) limits the circumstances under which the Court of Appeals will authorize the filing of a second or successive habeas corpus petition. Furthermore, 28 U.S.C. §

2244(d) imposes a time limitation on the filing of a habeas corpus petition. In seeking relief in the Court of Appeals, Petitioner should be cognizant of both these provisions.[3]

Accordingly, it is now

**ORDERED:**

1. Petitioner's Amended Petition (Doc. 6) is **DISMISSED as successive**.

2. The **Clerk of the Court** is directed to terminate any pending motions, enter judgement, close this case, and send Petitioner an "Application for Leave to File a Second or Successive Habeas Corpus Petition 28 U.S.C. § 2244(b) by a Prisoner in State Custody" form.

**DONE** and **ORDERED** in Fort Myers, Florida this 6th day of May 2019.

*SHERI POLSTER CHAPPELL*
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

---

[3] A certificate of appealability(COA), typically required for appeals from a final order of a habeas proceeding, is not required for an appeal of an order dismissing a petitioner's filing as a successive habeas petition. See 28 U.S.C. § 2253(c); *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (*per curiam*).